James H. Cossitt (Mont. # 4773)
JAMES H. COSSITT, PC
40 2nd St E Ste 202
Kalispell, MT  59901-6112
Tel:  406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| In Re: | Case # 12-60195 |
|---|---|
| DANIEL RAY MARSH, | **NOTICE OF HEARING:** |
| Debtor(s). | Date:  9/6/202012 at 9:00 A.m.  Location:   Bankruptcy Courtroom  Russell Smith Courthouse # 200A  201 E. Broadway, Missoula MT |
| **DEBTOR'S OBJECTION TO  MOTION TO FOR  ENLARGEMENT OF TIME TO FILE 727 COMPLAINTS (docket # 25)** | |

COMES NOW the debtor, a party in interest, and pursuant to LBR 9013-1(e), FRBP 4004(b) and § 727 of the Code,  states:

1.	The Debtor admits ¶ 1 and 2.

2.	The Debtor denies ¶ 3 and asserts the Trustee has had more than adequate time to conduct analysis and make appropriate decisions as to case administration.

3.	The Debtor denies that the panel trustee has authority to seek an enlargement of time for any other party including the US Trustee.

4.	Since the US Trustee did not timely file any motion to extend the time,

they are precluded from doing so now that the time has expired.

    5.    The Debtor denies that either the panel trustee or the US Trustee have demonstrated "cause" as set forth in FRBP 4004(b)(1).

    6.    Neither the trustee nor the US Trustee contacted the undersigned to attempt to secure any consent or advise that this Motion would be filed.

    7.    Even if the trustee or the US Trustee can demonstrate cause for an extension of time, an additional 90 days is unreasonable and any such extension should be limited to a reasonable time period.

## BRIEF IN SUPPPORT OF OBJECTION TO MOTION

An extension of time is only available to the party who seeks it.   A leading authority, Colliers instructs:

> In those cases in which an extension of time is granted**, the extension applies only to the party that sought it.** Thus, when a trustee has obtained an extension of time to file an objection to discharge, a creditor who has not obtained a similar extension cannot file such a complaint. 10 Similarly, when a creditor has obtained only an extension of time to challenge dischargeability of a debt, that extension cannot be used by that creditor to authorize the late filing of an objection to discharge. In any case, a decision to grant an extension of time to object to discharge is not a final order appealable as a matter of right.

9-4004 Collier on Bankruptcy P 4004.03.   See also, Frati v. Gennaco, 2011 U.S. Dist. LEXIS 6563 (D. Mass. Jan. 24, 2011) ; DRMC v. McCord (*In re* McCord), 184 B.R. 522 (Bankr. E.D. Mich. 1995) ; *In re* Gallagher, 70 B.R. 288 (Bankr. S.D. Tex. 1987); Irving Federal Sav. & Loan Ass'n v. Billings (*In re* Billings), 146 B.R. 431 (Bankr. N.D. Ill. 1992);  Aucoin v. Southern Ins. Facilities Liquidating Corp. (*In re* Aucoin), 35 F.3d 167

(5th Cir. 1994) ; *In re* Gaines, 932 F.2d 729 (8th Cir. 1991) .

The party seeking an extension of time has the burden of demonstrating cause. Cause is within the sound discretion of the court and but some showing is required, as noted by Colliers:

> [2] Grounds for Extension of the Deadline
>
> Rule 4004(b) states that the deadline for objecting to discharge may be extended only for cause, but does not elaborate regarding what might constitute such cause. A debtor's delays in responding to discovery may be sufficient cause. 13 Obviously, a delay in the meeting of creditors to a date close to or after the deadline may constitute such cause. **On the other hand, if a party has sufficient notice and information to file an objection in time, no extension is appropriate, 14 especially if the party seeking the extension has made no attempts at discovery during all or most of the time available to it**. Since Rule 9006(b) is inapplicable to extensions under Rule 4004(b), it is not clear whether excusable neglect is sufficient cause for granting an extension of time. 16 Excusable neglect may be an issue, even if the time period has not yet run, for example, in a case in which a creditor seeks an extension a day before the deadline for objecting to discharge because it has just learned certain important facts, and argues that excusable neglect prevented earlier discovery of those facts.

9-4004 Collier on Bankruptcy P 4004.03. See also Aucoin v. Southern Ins. Facilities Liquidating Corp. (*In re* Aucoin), 35 F.3d 167 (5th Cir. 1994) ; *In re* Gaines, 932 F.2d 729 (8th Cir. 1991); *In re* McCormack, 244 B.R. 203 (Bankr. D. Conn. 2000).

The Marsh case is consistent with *In re* Duncan, 2009 Bankr. LEXIS 2657 (Bankr. N.D. Ala. Aug. 31, 2009) (extension denied when requesting party had adequate notice and debtor fully cooperated). Here, the trustee requested extensive documents and the debtor fully cooperated prior to the continue meeting of creditors. Santana Olmo v. Quinones Rivera (*In re* Quinones Rivera), 184 B.R. 178 (D.P.R. 1995) ; *In*

*re* Nowinski, 291 B.R. 302 (Bankr. S.D.N.Y. 2003) (merely filing a timely motion for an extension is not by itself cause for an extension); *In re* Leary, 185 B.R. 405 (Bankr. D. Mass. 1995) .

WHEREFORE debtor requests that the Court enter Orders as follows:

a.  denying the motion;

b.  limiting any relief to the trustee only and for a reasonable period of time; and

c.  for such other & further relief as is just & equitable or warranted by FRCP 54(c).

Dated: August 10, 2012            /s/ *James H. Cossitt*

James H. Cossitt (Mont. # 4773)
ATTORNEY FOR DEBTOR

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**     none

CERTIFICATE OF SERVICE BY MAIL /  ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b):  1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or  2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on August 10, 2012.  The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

/s/ *BL Griswold*