# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**DANIEL RAY MARSH**,

Debtor.

Case No. **12-60195-7**

## MEMORANDUM OF DECISION

At Butte in said District this 26th day of September, 2012.

Pending in this Chapter 7 case is the Trustee's Motion for Enlargement of Time to seek denial of discharge under 11 U.S.C. § 727 (Docket No. 25) (the "Motion"), filed on August 10, 2012, and Debtor's objection thereto. A hearing on the Trustee's Motion was held after due notice at Missoula on September 6, 2012. The Trustee Christy L. Brandon ("Trustee" or "Brandon") appeared at the hearing in support of her Motion, but declined to testify under oath and offered no exhibits or other evidence. The Debtor Daniel Ray Marsh appeared represented by attorney James H. Cossitt of Kalispell. No witness testified. Debtor's Exhibits ("Ex.") DM-A and DM-B were admitted without objection. The Court granted Debtor's request to take judicial notice of certain docket entries and their contents, but not for the truth of the statements therein. Argument of counsel was heard, at the conclusion of which the Court took the Trustee's Motion under advisement. After review of the Motion, record and applicable law, the Trustee's Motion for enlargement of time will be denied base on her failure to satisfy her burden for extension of time under F.R.B.P. Rule 4004(b).

This Court has exclusive jurisdiction of this Chapter 7 bankruptcy under 28 U.S.C. §

1

1334(a).  The Trustee's Motion for extension of time to object to Debtor's discharge is a core proceeding under 28 U.S.C. § 157(b)(2).

## BACKGROUND FACTS & PROCEDURAL HISTORY

Certain undisputable background facts are reflected in the case docket.  Debtor filed a voluntary Chapter 7 petition on February 20, 2012, with his Schedules and Statement of Financial Affairs ("SOFA").  Debtor listed no real property in his Schedule A, listed $2,947.78 worth of personal property on Schedule B, and $61,895.56 in unsecured nonpriority debt on Schedule F.

The SOFA shows Debtor's income at item 1 as $4,800.00 in year 2010, $1,200.00 in 2011, and $200.00 year to date in 2012.  By explanation under "Source" item 1 states:  "No income.  Debtor works in business owned by wife and receives room, board and was given about $100.00[1]/month for spending money."  Item 14 ("Property held for another person") lists Debtor's use of a residence, vehicles and motorized toys, household goods and business assets all owned by Montana Marsh for which the Debtor states that he has occasional use.  Item 18 lists the Debtor's name as a business, the nature of which is described as "Construction/Labor/Odd Jobs/ Hit N Miss . . ." from 1980 to present.

A Notice of Commencement of the case was entered on February 21, 2012, and the 11 U.S.C. § 341(a) meeting of creditors was scheduled for April 11, 2012.  Brandon was added to the case as Trustee.

The Trustee continued the § 341 meeting until May 9, 2012, and continued it again until June 4, 2012.  On May 14, 2012, the Trustee filed an asset notice and notice of claims bar date.

---

[1]The amount in 2010 was $400/month.

In Ex. DM-B the Trustee agreed to continue the § 341 meeting again until July 11, 2012, while seeking to obtain documents from the Debtor. Ex. DM-A is a memorandum from Debtor's attorney dated June 20, 2012, responding to several of the Trustee's document requests. E-mails exchanged between Debtor's counsel and the Trustee in Ex. DM-B include the Trustee's e-mail dated May 29, 2012, in which she states that she wishes to keep the August 10, 2011, § 727 deadline but that "If I need more time to complete my review, I'll ask for it." The Trustee moved for enlargement of time to seek denial of discharge on May 29, 2012, which the Court granted giving the Trustee until August 10, 2012, to file a complaint objecting to discharge.

Debtor amended his Schedules B, C, F and SOFA on July 9, 2012. In the SOFA at item 18 he added another business which offers motorcycle tours, which he started 2/8/2012. On August 10, 2012, the Trustee filed the instant Motion seeking another extension until November 10, 2012, "to conduct further discovery, conclude her analysis of the facts and potential causes of action in this case." At the hearing the Trustee argued that this is not a typical case, and that she wants another extension in order to conduct a Rule 2004 examination of Debtor's spouse before deciding whether to commence a § 727 action objecting to Debtor's discharge. The Trustee argued that the Debtor enjoys the use of a nice motor vehicle and a Harley-Davidson motorcycle which he does not list in his Schedules, but listed only $200 in income this year.

Debtor filed an objection to the Trustee's motion on the grounds that he has fully cooperated with the Trustee's document request, and that the Trustee has not satisfied her burden to show cause for another extension.

## DISCUSSION

A complaint or motion objecting to a debtor's discharge shall be file no later than 60 days

3

after the first date set for the 11 U.S.C. § 341(a) meeting of creditors under F.R.B.P. Rule 4004(a). The Trustee asked for and was granted one extension of time to file a complaint, and the instant Motion requests another 3-month extension.

> Extensions of time to object to discharge are governed by Rule 4004(b) which provides:
>
> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.
>
> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.
>
> The bankruptcy court *In re Bomarito*, 448 B.R. 242 (Bankr. E.D. Cal. 2011) discussed the

burden on the moving party under Rule 4004(b):

> The moving party has the burden of proof to show cause to extend the time for matters relating to the debtor's discharge. *See In re Stonham*, 317 B.R. 544, 547 (Bankr.D.Colo.2004) (interpreting the "for cause" exception in Rule 4007(c) which limits the time to file a dischargeability complaint). The same standard has been applied to motions for additional time under Rule 1017(e)(1). [*In re Molitor*, 395 B.R. 197, 205 (Bankr. S.D. Ga. 2008)]. The movant's burden of proof cannot be "satisfied with only a scintilla of evidence." *Stonham*, 317 B.R. at 547. The movant seeking an extension of time for cause must "establish at least a reasonable degree of due diligence to be accorded the requested extension." *Molitor*, 395 B.R. at 205 (citing *Stonham*, 317 B.R. at 547).
>
> The power to extend the 60–day deadlines prescribed in the Rules "rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date ... but was unable to do so." *In re Farhid*, 171 B.R. 94, 96, (N.D.Cal.1994) (citation omitted). The power is to be exercised cautiously and not where lack of diligence by the creditor appears. *Id.* at 97 (citations omitted).

448 B.R. at 248.

4

The Trustee did not offer even a scintilla of evidence at the hearing in support of her Motion. She also did not establish a reasonable degree of due diligence to be accorded the requested extension. *Bomarito*, 448 B.R. at 248. She declined to testify and did not offer any exhibits at the hearing. The Court finds nothing in the case docket upon which it can find cause for another 3-month extension. Even if the Trustee's arguments that the Debtor is enjoying the use of a nice car and Harley are true, it is not clear that such facts establish cause for an extension.

Further, an extension of time to object to Debtor's discharge is not needed for the Trustee to examine the Debtor's spouse. Indeed, her motion for Rule 2004 examination of Debtor's spouse has been granted. By denying the Trustee's Motion, the Trustee remains free to seek revocation of Debtor's discharge under § 727(d) if the Trustee's investigation uncovers fraud.

In concluding that the moving party failed to establish "cause" under Rule 4004(b) to extend the time, the court in *Bomarito* wrote:

> The 60–day deadlines in the Rules strike a balance between the competing interest of the debtors who want a fresh start, the creditors who would like to receive payment of their claims, and the U.S. Trustee who is charged with the duty to protect the bankruptcy system from abusive filings. The relatively brief deadlines for objections relating to chapter 7 relief are there to encourage expeditious administration of the case. The short deadlines "give debtors some degree of certainty in the process of obtaining a discharge." *In re Chamness*, 312 B.R. 421, 423 (Bankr.D.Colo.2004). "A Chapter 7 bankruptcy discharge entitles a debtor to a 'fresh start,' therefore, the debtor has an interest in the prompt resolution of all discharge issues." *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo.1996) (citation omitted). The deadlines can only be extended for cause. In this context, "cause" is not shown when the moving party offers no evidence to show that he or she has diligently prosecuted an investigation of the underlying issues and offers no reasonable explanation why that investigation could not be completed within the time allotted.

***Conclusion***.

> Proceedings which have the effect of denying chapter 7 relief to an individual debtor must be brought within a relatively short period of time, as provided in the Federal Rules of Bankruptcy Procedure. The courts have discretion to extend that time, on noticed motion, based on a showing of cause. To establish "cause," the moving party must (1) make an affirmative showing that he or she has, with reasonable diligence, attempted to investigate the facts and circumstances, and (2) offer a reasonable explanation of why that investigation could not be completed within the allotted time. In this case, neither issue is adequately addressed.

*Bomarito*, 448 B.R. at 251.

The Trustee offered no evidence in support of her Motion, but instead offered only argument. "[A]rguments and statements of counsel are not evidence." *Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys.)*, 482 F.3d 1118, 1122 n.1 (9th Cir. 2007). This Court has long held that attorney argument is not admissible in evidence and therefore not relevant. *Hurley v. Student Loan Acquisition Auth. of Ariz., et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. D. Mont. 2001) (An attorney's argument is not evidence); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (Statements of counsel are not evidence and do not create issues of fact), citing *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994).

Therefore, since the Trustee offered no evidence in support of her Motion at the hearing, the Court finds that she failed her burden of showing "cause" for another extension. The Court finds that the Trustee failed to affirmatively show that she has, with reasonable diligence, attempted to investigate the facts and circumstances, and failed to offer a reasonable explanation of why that investigation could not be completed within the allotted time. *Bomarito*, 448 B.R. at 251. The Court in its discretion deems it necessary to deny the Trustee's Motion for failure to

satisfy her burden of proof under Rule 4004(b) to show "cause."

Denying the Trustee's Motion for extension does not deprive the Trustee, a creditor, or the United States Trustee of the ability to request revocation of the Debtor's discharge under 11 U.S.C. § 727(d) and (e) for at least one year after a discharge is granted. The Court deems those provisions sufficient to ensure that the Trustee has the ability to preserve the integrity of the bankruptcy process in this case.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above, denying the Trustee's Motion for Enlargement of Time to Seek Denial of Discharge under 11 U.S.C. § 727.

                                        BY THE COURT

                                        */s/ Ralph B. Kirscher*
                                        HON. RALPH B. KIRSCHER
                                        U.S. Bankruptcy Judge
                                        United States Bankruptcy Court
                                        District of Montana