**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

In re

**DANIEL RAY MARSH**,

Debtor.

Case No.  **12-60195-7**

# MEMORANDUM OF DECISION

At Butte in said District this 21st day of August, 2013.

Pending in the instant Chapter 7 case are:  (1) Debtor's Objection (Docket No. 42) to the

Trustee's Application to employ herself as attorney for the estate on a contingency fee basis (Dkt.

39) and Request to Reconsider this Court's Order (Dkt. 40) which granted the Trustee's

Application; and (2) the Trustee's amended Application to employ of Trustee as attorney for the

estate (Dkt. 44).  The Trustee filed a response in opposition to Debtor's Objection and Request to

Reconsider.  A hearing on these matters was held at Missoula on July 15, 2013.  The Debtor was

represented by attorney James H. Cossitt ("Cossitt") of James H. Cossitt, PC, of Kalispell,

Montana.  The Trustee Christy L. Brandon ("Trustee" or "Brandon") appeared and testified.  No

exhibits were admitted into evidence.  At the conclusion of the parties' cases-in-chief the Court

1

heard argument of counsel, after which the Court took the matters under advisement. After review of the record and applicable law, for the reasons set forth below Debtor's Objection and Request to Reconsider will be denied, and the Trustee's amended Application to employ Brandon as attorney for the estate will be approved in accordance with the Court's long-standing practice.

This Court has exclusive jurisdiction of this Chapter 7 bankruptcy under 28 U.S.C. § 1334(a). The Trustee's employment of professionals is a core proceeding under 28 U.S.C. § 157(b)(2).

## FACTS

Debtor filed his voluntary Chapter 7 petition on February 20, 2012, with schedules and statements showing personal property assets with a total value of $2,847.78, liabilities in the total amount of $81,886.68, and total income and expenses of $100 each. Schedule B does not list any business assets, equipment, vehicles, or any interests in corporations or businesses. Schedule I describes Debtor as self-employed in construction doing "odd jobs on an as available basis."

The Statement of Financial Affairs ("SOFA") explains at item 1 that the Debtor works in a business owned by his spouse for "no income," but he receives room and board and about $100/month for spending money. Item 14 (Property held for another person) lists property of which the owner is identified as "Montana Marsh[1]" with the same address as Debtor and provides the following explanation: "Debtor has occasional use and possession of various assets (as needed or permitted) owned by Montana Marsh as follows: 1) Residence real estate (on ongoing daily basis); 2) all vehicles & motorized toys; 3) ½ of household goods; 4) all business

_____

[1]Debtor's spouse.

2

assets."

Brandon, a panel Trustee in this District, was added to the case as Trustee.  The 11 U.S.C. § 341(a) meeting of creditors was scheduled to be held on April 11, 2012, and was continued several times to July 11, 2012.  Brandon testified that the § 341 meetings together lasted about six hours total.  On May 14, 2012, the Trustee filed a notice of assets and request for claims bar date.  A claims bar date of August 12, 2012, was set.

On May 22, 2012, Debtor's attorney Cossitt filed an amended Disclosure of Compensation, which changed the source of compensation paid to Cossitt from the Debtor[2] to an entity called "Montana Contractors," and changed the total paid to Cossitt prior to the filing of the petition to the amount of $4,470.06.  Debtor filed an amended Schedule B on July 9, 2012, adding at item 35 a joint interest in a business named "Baja Motor Tours" in the business of motorcycle tours, with a current value of $0.

A discharge of the Debtor was entered on September 27, 2012.  Under cross examination by Debtor's attorney, Brandon testified that she is not barred by the discharge from seeking a determination of the estate's interest in property which Debtor owned prepetition.  She stated that she has not yet determined which parties to name as defendants in her adversary complaint.

Brandon filed her original Application on June 21, 2013, to employ herself as attorney for the estate on a contingency fee basis "to pursue on behalf of the Estate claims regarding property of the estate."  The Application explains that recovery in this case is uncertain and insufficient funds exist in the estate to compensate a professional on an hourly fee basis.  She sought to

---

[2]The original Rule 2016(b) disclosure stated the source of compensation paid to Cossitt, in the amount of $3,695.06, was the Debtor.

3

employ herself on a contingency fee basis ranging from thirty percent (30%) to fifty percent
(50%) depending on the stage of the litigation, plus necessary costs, subject to final review and
approval by this Court. The professional services that the professional is to render is generally
described as "legal work on claims regarding property of the estate, liquidating the Estate's assets
and other legal work as may be necessary for the Estate." The Application includes Brandon's
affidavit that she is a disinterested person as defined at 11 U.S.C. § 101(14) except that she is
serving as the Trustee for this case. Pursuant to this Court's long-standing practice the Court
approved Brandon's original Application by Order entered on June 24, 2013, with the provision
that all fees paid to Brandon in her capacity as counsel for the estate are subject to approval of
this Court.

Debtor filed his Objection and Request to reconsider Order on June 28, 2013, and set the
matter for hearing on July 16, 2013. Debtor objected to the Trustee's Application on the grounds
it was void of information about the basic factors required by FED. R. BANKR. P. ("FRBP")
2014(a), Debtor argues that the application lacks any meaningful discussion of the necessity for
legal services; lacks any tangible, identifiable and material benefits for the estate and concrete
examples of success, citing *In re Bechuk*, 472 B.R. 371, 376 (Bankr. S.D. Tex. 2012); lacks
adequate facts relating to services the proposed counsel would provide; lacks any facts showing
why the Trustee's appointment of counsel is in the best interests of the estate under 11 U.S.C. §
327(d); is void of information about the claims to be pursued; and lacks any cost/benefit analysis
to the estate. Debtor requests the Court reconsider and deny the Trustee's Application, and
require the Trustee to address all factors in Rule 2014(a), identify all claims for relief and provide
a meaningful cost/benefit analysis as discussed in *McCord v. Agard*, *(In re Bean)*, 251 B.R. 196,

4

203-05 (E.D.N.Y. 2000).

The Trustee filed her amended Application on July 11, 2013.  Paragraph 1 of the amended Application identifies the assets of Montana's Contractors which the Trustee seeks to pursue in an adversary action against the Debtor and his spouse, Montana Marsh, and the legal theories she intends to pursue[3].  The amended Application identifies at paragraph 1 the assets in which the Trustee seeks to establish the estate's interest.[4]  Paragraph 4 states her belief that the probability of success in recovering a net economic benefit,

> is high given that the Trustee holds documents showing and has witnesses willing to testify that Mr. Marsh performed 90% or more of the field work for "Montana's Contractors", that Mr. Marsh held himself out as an owner of the business venture "Montana's Contractors", that Mr. Marsh exercised control over the business venture and that Mr. Marsh received profits from the business. The Trustee believes that the burden of the litigation's time and cost on the estate is low given that the Trustee is seeking to pursue the claim on a contingency fee basis.

Dkt. 42, paragraph 4.

In paragraph 2, the Trustee explains that she continues to seek co-counsel to represent the estate in this matter on a contingency fee basis, but has been unable to find other legal representation who is willing to advance costs which may be incurred.  She repeats her request to be employed as counsel on a contingency fee basis, and states that she "is willing to advance costs that may be required in this case."

At the hearing Brandon stated that she filed her amended Application to address the

---

[3]Paragraph 1 identifies the legal theories as: "[A]mong other things, de facto partnership, unjust enrichment, alter ego, conspiracy, actual fraud, constructive fraud, fraudulent transfer, and constructive trust . . . ."  Dkt. 44.

[4]The assets listed are:  A forklift, skid steer, excavator, man-lift and other tools, equipment and machinery, a 2004 GMC Canyon, a 2001 Ford Econoline 9-passenger van, motorcycles, and real property located at 105 Ridge Lane, Fortine, Montana,

5

factors listed in Debtor's Objection, including the necessity for her employment and her qualifications. She testified that she intends to file an adversary proceeding against the Debtor, his spouse and her corporation based on what she learned from the Debtor at the § 341 meeting.

Debtor's attorney asked Brandon on cross examination about her calculation of the estate's interest in assets. She answered that she estimates that the assets have a total value ranging from at least $100,000 up to $370,000, and possibly more. The main assets the Trustee is looking to are the tools and equipment, followed by the home and motorcycles. Cossitt asked what percentage ownership does she believe the estate has in such assets, and Brandon answered at least 50%.

Cossitt then asked what the Trustee's opinion of success on her possible claims for relief, and she answered that in her opinion she has at least a 50% chance of success on one or more of her legal theories. She admitted that she has not litigated all of her proposed legal theories before as lead counsel.

Cossitt asked Brandon about the possibility she may be called to testify, which is prohibited with respect to counsel. She answered that she does not expect to testify because the facts are readily provable from the parties and documents, but in the remote possibility she needs to testify she can hire co-counsel.

Cossitt challenged Brandon for not having conducted a cost-benefit analysis. Brandon testified that her amended Application contains a cost-benefit analysis, based on her willingness to take on the risk by working as counsel a contingency fee basis and by agreeing to advance all costs that may be required.

**DISCUSSION**

At the hearing the Trustee argued that the Debtor lacks standing to object to her

employment because he is hopelessly insolvent, citing *Matter of Fondiller*, 707 F.2d 441 (9th Cir.

1983).  Debtor responded that this Court has an independent duty to investigate employment

applications regardless of debtor's standing, and that the Trustee has the burden of proof.  The

"person aggrieved" test is a rule of standing-to-appeal which the Ninth Circuit adopted in

*Fondiller*.  707 F.2d at 443.  This Court herein reconsiders its Order approving the Trustee's

Application in the interests of due process, since it originally approved the Application without a

hearing.  While the Trustee may assert the "person aggrieved" test from *Fondiller* at the appellate

level, this Court will decide the Debtor's Objection on the merits[5] rather than on standing.

Cossitt argued that this Court should depart from its local practice of approving trustees'

applications to employ themselves, and should follow the "continuing evolution of the law" by

conducting a more "front end" approach as discussed by the court in *In re Bechuck*, 472 B.R.

371, 376 (Bankr. S.D. Tex. 2012).  In *Bechuck* the court announced that it was no longer willing

to approve fairly generic applications to employ counsel, and the court denied approval of an

employment application, without prejudice to the trustee filing another application, because it

failed to include sufficient detail regarding the attorney's qualifications and actual experience of

obtaining judgments in a full blown trial.  *Id.* at 376-78.  Based on the evidence in this case, this

Court declines the opportunity to depart from its regular practice of approving employment

applications at this time.

---

[5]To ensure the Debtor is provided due process, the Court will allow the Debtor 14 days to respond and request an additional hearing on the Trustee's amended Application following this decision.

7

Section 327(d) provides: "The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." It is well settled that a trustee must show "cause" to justify the appointment of the trustee or the trustee's law firm as counsel under § 327(d). *In re Kurth Ranch*, 108 B.R. 269, 271, 8 Mont. B.R. 109, 111 (Bankr. D. Mont. 1989), quoting *In re Butler*, 101 B.R. 194, 196-97 (Bankr. C.D. Cal. 1989), *aff'd*, 114 B.R. 695 (C.D. Cal. 1990).

The court in *Butler* noted that the practice of appointing a trustee or the trustee's law firm must be severely limited so as to prevent abuse and the appearance of impropriety. 101 B.R. at 196. The court noted the potential for an actual conflict of interest where a trustee's statutory duty to object to any fee application where the fees requested are not appropriate, versus counsel's interest in obtaining the largest fee recovery for his or her firm, and the additional temptation for a trustee to charge administrative duties as legal services and thereby attempt to obtain double compensation. *Kurth Ranch*, 108 B.R. at 271, quoting *Butler*, 101 B.R. at 196-97; *see also In re Michigan Interstate Railway Co.*, 32 B.R. 325, 326 (Bankr. E.D. Mich. 1983).

In practice, in this District the chapter 7 trustees often apply to appoint themselves as legal counsel. The Office of U.S. Trustee does not routinely object, and when no objection is filed the Court approves the application, subject to the Court's independent review of all fee requests after application and notice to the parties. If an objection or motion to reconsider employment of a trustee as attorney for the trustee is filed, the Court schedules and conducts an evidentiary hearing, as was done in the instant case.

While the court in *Butler* wrote that the practice of appointing a trustee or trustee's law firm as counsel for the trustee must be severely limited, the court went on to list four typical

8

situations "where cause may usually be shown for the appointment of the trustee's own law firm

as his or her own counsel." 101 B.R. at 196-97. The first typical situation arises where the

estate's assets consist principally in causes of action, such as for preferences and fraudulent

conveyances, and legal counsel would have to look to the recovery for payment of fees. *Id.* at

197. The evidence in the instant case reflects this first typical situation. The Trustee seeks to

employ herself as attorney on a contingency fee basis, and she will have to look to any recovery

of assets after pursuing her claims for relief against the Debtor's allegedly hidden assets for

payment of her fees.

The fourth[6] typical situation is where the trustee can demonstrate that such appointment

will result in a substantial reduction of costs to the estate. The Trustee Brandon proposes a

contingency fee condition of her employment, in which her employment as counsel will have

zero cost to the estate unless recovery occurred and she agreed to advance all necessary costs.

Two of the four typical situations appear present in this case.

The district court for the northern district of California *In re SONICblue* Inc., 2007 WL

3342662, *5-*6 (N.D. Cal.) compared the four situation analysis from *Butler* with a nine-plus

factor test to decide whether appointing a trustee's firm as counsel is in the best interest

described in *Interamericas, Ltd.* 321 B.R. 830, 834 (Bankr. S.D. Tex. 2005). The district court

observed that a "general concept emerges" from the lines of cases which otherwise differ in the

---

[6]The other two typical situations from *Butler/Michigan Interstate* are where there is
relatively little legal work to perform, which does not merit the effort and expense of hiring an
outside law firm; and where substantial legal action must be taken immediately, and the trustee
cannot wait for the completion of the appointment process for outside counsel. *Butler*, 101 B.R.
at 197, citing *Michigan* Interstate, 32 B.R. at 326. Neither of these two typical situations appear
from the evidence in the instant case.

9

illustrations they provide about appointment of a trustee's own law firm as counsel:  "[A]bsent a showing of substantial savings or inefficiencies, appointment of a trustee's own law firm as counsel is not in the estate's best interest." *SONICblue*, 2007 WL 3342662 at *6.

Notwithstanding, the district court found that the bankruptcy court did not abuse its discretion in finding that the trustee's employment of the trustee's own law firm was in the estate's best interest because of an "extraordinary situation," a difficult investigation requiring "countless judgment calls, for which the Trustee will have to solicit counsel's advice."  *Id.*

Even in *Bechuck* the court recognized that the bankruptcy court has substantial discretion to grant an application to employ a professional for the estate.  472 B.R. at 375.  Rule 2014(a) requires, *inter alia*, that an application "state the specific facts showing the necessity for the employment, the name of the persons to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation."  Rule 2014.

Based on Brandon's testimony that she filed her amended Application to address the Debtor's Objection, the Court considers the amended Application to supersede the original Application.  Debtor's Objection to the original Application is therefore moot, but the Court notwithstanding considers the arguments set forth in the Objection and Request to reconsider Order along with its independent evaluation.

The Amended Application states specific facts showing the necessity for Brandon's employment, i.e., the existence of assets which may be property of the estate.  The amended Application names Brandon, and states that the reasons for her selection are her familiarity with the case and unavailability of alternate representation.  The amended Application explains the professional services to be rendered as her investigation and services seeking determination,

10

recovery and turnover of assets for the estate.  The amended Application identifies the proposed

arrangement for compensation as a graduated contingency fee arrangement, which the original

Application describes as ranging from 30% to 50%, with Brandon willing to advance all costs

required for the representation.  The Court finds that the amended Application satisfies the

requirement to state specific facts showing the necessity for Brandon's employment, and that the

Trustee has satisfied her burden to showing that cause exists to justify her employment as

counsel under § 327(d) on a contingency fee basis.  *Butler*, 101 B.R. at 197.

Cossitt argued that Brandon's Application failed to set forth a cost-benefit analysis.

Attorney argument is not admissible in evidence and therefore not relevant.  *Hurley v. Student

Loan Acquisition Auth. of Ariz.*, *et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. D. Mont. 2001)

(An attorney's argument is not evidence); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073

(9th Cir. 2000).  "[A]rguments and statements of counsel are not evidence."  *Wood v. Stratos

Prod. Dev., LLC (In re Ahaza Sys.)*, 482 F.3d 1118, 1122 n.1 (9th Cir. 2007).

Since Brandon applied for employment on a contingency fee basis, and is willing to

advance all costs, the estate literally has nothing to lose and the evidence shows that the estate

may recover up to $370,000 from Brandon's representation.  With a possible $370,000 recovery

at no cost to the estate, except for the payment of any approved contingency fee, the cost-benefit

analysis is a simple matter to conclude that Brandon's employment is in the best interests of the

estate.

The contingency fee arrangement also assuages the dangers discussed in *Butler* of

possible abuse and the appearance of impropriety.  101 B.R. at 196.  The trustee's statutory duty

to object to any fee application where the fees requested are not appropriate, versus counsel's

11

interest in obtaining the largest fee recovery for his or her firm, is a conflict which arises when the fee arrangement is an hourly fee. *Kurth Ranch*, 108 B.R. at 271, quoting *Butler*, 101 B.R. at 196-97; *Michigan Interstate Railway Co.*, 32 B.R. at 326. If counsel is employed on a contingency fee basis which is approved by the court after notice and hearing, and the rules require an application and opportunity to object at the time of the application for compensation, the Court does not envision a conflict between the trustee's statutory duty and a fee application in the event of a substantial recovery. After all, the Court retains the independent duty to review all applications for compensation.

As for the additional temptation described in *Butler* for a trustee to charge administrative duties as legal services and thereby attempt to obtain double compensation, that too would not be a danger when the trustee is employed as counsel on a contingency fee basis. The professional's incentive is the same wearing either hat, which is to maximize the recovery and minimize costs. This Court has long recognized the issue of trustee compensation and trustee/attorney compensation. *See In re Perkins*, 18 Mont. B.R. 154, 161-65 (Bankr. D. Mont. 2000); *In re Yedinak*, 18 Mont. B.R. 172, 174-76 (Bankr. D. Mont. 2000). This Court reviews each application filed by trustees as attorneys to determine whether activities performed by trustees are typical trustee duties or legal work. *Perkins*, 18 Mont. B.R. at 157-67.

The instant case involves proposed employment of a trustee as attorney on a contingency fee basis. The possibility of abuse and appearance of impropriety in the employment of Brandon as attorney for the estate appears remote based on this record, and can be adequately addressed at the time compensation is requested. The Court does not foreclose the possibility that in the appropriate circumstances the Court could follow the "continuing evolution of the law" by

12

conducting a more "front end" approach as discussed by the court in *Bechuck*, 472 B.R. at 376. This case, however, is not the appropriate case.

Finally, the Court is not unwilling to approve employment of Brandon as attorney in this case based on the fact that she has not litigated the proposed legal theories before.  The court in *Bechuck*, in exercising its substantial discretion in approving employment applications, considered three factors in analyzing an application to employ an attorney with only a few years' experience:  "(1) How well have those less experienced attorneys done on those tasks on which they have worked in other cases[, in other words,] have their services rendered a tangible, identifiable and material benefit?; (2) Does [the attorney] have the willingness and savvy to aggressively prosecute [the claims] . . . and tenaciously negotiate with opposing counsel?; and (3) What are their hourly rates compared to the hourly rates of more experienced attorneys who are competing with them for trustee representation?"  *Bechuck*, 472 B.R. at 378.

The third factor does not apply in a contingency fee arrangement such as the instant matter.  With respect to Brandon's performance in other cases and willingness and savvy to aggressively and tenaciously negotiate, the Court finds and concludes that Brandon satisfies those two key factors based on her performance in recent cases, including *In re Bodeker*, Case No. 12-60137-7 (Bankr. D. Mont), and *In re B.Y.O.B. Inc.*, Case No. 11-62347-7.  In both cases Brandon as attorney rendered tangible, identifiable and material benefits, and she demonstrated that she has the willingness and savvy to aggressively and tenaciously negotiate with opposing counsel.

In conclusion, the Court finds that Brandon's employment as counsel is in the best interest of the estate in satisfaction of § 327(d).

**IT IS ORDERED** a separate Order shall be entered (a) denying the Debtor's Objection to

13

Application and Request to Reconsider Order, filed June 28, 2013; and (b) approving the

Trustee's amended Application to approve employment of Christy L. Brandon as attorney for the

estate (Docket No. 44).

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

14